# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TREMAYNE SIMMS (#457496) | CIVIL ACTION |
| VERSUS | |
| STEVE RADER, WARDEN | NO. 13-0770-SDD-RLB |

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on .March 25, 2015

                                          RICHARD L. BOURGEOIS, JR.
                                          UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

TREMAYNE SIMMS (#457496)     CIVIL ACTION

VERSUS

STEVE RADER, WARDEN     NO. 13-0770-SDD-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The State has filed a response in opposition to the petitioner's application. There is no need for oral argument or for an evidentiary hearing.

The *pro se* petitioner, an inmate currently confined at the Bunkie Detention Center, Evergreen, Louisiana, filed this habeas corpus proceeding pursuant to 28 U.S.C. § 2254, attacking his criminal conviction and 20-year sentence entered in 2008 in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, on one count of manslaughter. The petitioner asserts that the evidence was insufficient to support the conviction, that the grand and petit juries were unconstitutionally selected, that the prosecution failed to prove every element of the charged offense beyond a reasonable doubt, that he was provided with ineffective assistance of counsel at trial, that the trial court failed to inform him of alternative methods of trial, that the sentence imposed was excessive, that his indictment was constitutionally deficient, and that the trial court provided an improper jury instruction.

A review of the record reflects that the petitioner was charged by grand jury indictment with one count of manslaughter. The petitioner filed a motion to quash the indictment which was denied and, after a jury trial conducted in July, 2008, the petitioner was found guilty as

charged. Upon denial of post-trial motions filed by the petitioner, he was sentenced, in December, 2008, to twenty (20) years in confinement, with the first ten (10) years of his sentence to be served without the benefit of probation, parole or suspension of sentence. Through counsel, the petitioner appealed to the Louisiana Court of Appeal for the First Circuit, asserting that (1) the trial court erred in denying the petitioner's motion for post-verdict judgment of acquittal because the evidence was insufficient to support the conviction, and (2) the trial court erred in denying a motion to quash based upon the asserted unconstitutionality of the procedure utilized for selecting the grand and petit juries. On December 23, 2009, the intermediate state appellate court affirmed the conviction and sentence. *State v. Simms,* 25 So.3d 250, 2009 WL 5647221 (La. App. 1st Cir. 2009). The petitioner thereafter admittedly failed to file a timely writ application before the Louisiana Supreme Court. Accordingly, upon the passage of thirty (30) days, the petitioner's conviction and sentence became final on or about January 22, 2010.[1]

Approximately eight months after the finality of his conviction and sentence, on or about September 15, 2010,[2] the petitioner filed an application for post-conviction relief ("PCR") in the

---

1. The petitioner concedes that he did not file a timely writ application before the Louisiana Supreme Court upon the affirmance of his conviction and sentence on direct appeal. He further acknowledges that his conviction therefore became final in January, 2010. *See* R. Doc. 1 at p. 13. Although the petitioner thereafter filed an untimely writ application before the Louisiana Supreme Court in April, 2010, the filing of that application was procedurally improper and thus did not toll or otherwise affect the running of the applicable limitations period. *See Butler v. Cain*, 533 F.3d 314, 318 (5th Cir. 2008) (concluding that a late-filed application for writs before the Louisiana Supreme Court on direct appeal did not toll the running of the limitations period because "it is only state post-conviction relief proceedings that cause tolling"); *Gaddis v. Cain*, 2011 WL 6029971, *2 (E.D. La. Nov. 4, 2011) (finding that "[b]ecause petitioner's untimely writ application was filed as part of the direct review proceedings, [statutory tolling] is simply inapplicable").

2. Although the petitioner's application for post-conviction relief was docketed as filed in the state trial court on September 21, 2010, the United States Court of Appeals for the Fifth Circuit has instructed that federal habeas courts within the State of Louisiana should apply Louisiana's "mailbox rule" when determining the filing date of a petitioner's state court filings.

state trial court, asserting that there was insufficient evidence to support the conviction, that he was provided with ineffective assistance of counsel at trial, that he was denied the right to a 6-person jury, that the sentence imposed was excessive, that his indictment was fatally defective, and that the trial court gave a constitutionally deficient jury instruction relative to the definition of reasonable doubt. After proceedings were conducted in the state district and appellate courts relative to the petitioner's PCR application, the proceedings were finally completed on September 12, 2012, when the Louisiana Supreme Court denied review in connection therewith, without comment. *See State ex rel. Simms v. State*, 98 So.3d 302 (La. 2012).

Finally, a year and several days later, on or about September 15, 2013,[3] the petitioner filed the instant federal habeas corpus application in this Court, asserting the claims that are presented herein and that were presented before the state courts in connection with his direct appeal and PCR proceedings. This Court finds, however, based on the foregoing procedural history, that the petitioner's application is untimely.

---

Accordingly, pleadings submitted by a habeas petitioner are considered to be "filed" in state court as of the moment that the prisoner places them in the prison mail system for filing, not on the date that the pleadings are ultimately docketed by the receiving court. *See Causey v. Cain*, 450 F.3d 601, 607 (5th Cir. 2006); *Lane v. Rogers*, 2012 WL 3160034, *1 n. 3 (E.D. La. June 21, 2012). Thus, inasmuch as the petitioner apparently signed his state court application on September 15, 2010, and presumably gave it to prison officials for filing on that date, the Court will utilize that date as the presumptive date of filing.

     3. Although the petitioner purportedly signed his federal application on September 15, 2013, it was not received and docketed in this Court until approximately 2½ months later on November 26, 2013. Notwithstanding this lengthy delay, the Court will afford the petitioner the benefit of the "mailbox rule" in this context and will treat the instant application as having been filed on September 15, 2013. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (applying the "mailbox rule" in connection with *pro se* habeas corpus pleadings submitted to federal courts). Notwithstanding, as discussed hereafter, the petitioner's application is untimely regardless of which date is utilized.

Pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody.  This limitations period begins to run on the date that the judgment becomes final through the conclusion of direct review or through the expiration of time for seeking such review.  28 U.S.C. § 2244(d)(1)(A).  As provided by the referenced statute, the time during which a properly filed application for state post-conviction or other collateral review is thereafter pending before the state courts with respect to the pertinent judgment or claim shall not be counted toward any part of the one-year limitations period.  28 U.S.C. § 2244(d)(2).   However, the time during which there are no properly filed post-conviction or other collateral review proceedings pending does count toward calculation of the one-year period.

In the instant case, the petitioner's conviction became final on or about January 22, 2010, thirty (30) days after the decision of the Louisiana First Circuit Court of Appeal on direct review when the petitioner failed to timely proceed to the Louisiana Supreme Court through the filing of an application for supervisory review within thirty days.  As a result, two hundred and thirty-six (236) days thereafter elapsed from the one year time clock before the petitioner tolled the running of the limitations period through the filing of an application for post-conviction relief in the state court on September 15, 2010.  Thereafter, upon completion of the petitioner's PCR proceedings, through denial of his application for supervisory review in the Louisiana Supreme Court in connection with those proceedings on September 12, 2012, the one-year time clock began to run again, and it appears that the petitioner allowed three hundred and sixty-eight (368) days of un-tolled time to elapse prior to his submission of a federal habeas corpus application to this Court on or about September 15, 2013.  Accordingly, it appears that, prior to commencement and after completion of the petitioner's PCR proceedings, a total of six hundred and four (604)

days elapsed on the one-year time clock during which the petitioner did not have pending any properly filed application for post-conviction or other collateral relief before the state courts. Accordingly, the petitioner's application in this Court is untimely.

Having found that the petitioner's application is untimely, this Court must dismiss same pursuant to 28 U.S.C. § 2244(d) unless the petitioner can establish either that he is entitled to statutory tolling of the limitations period under § 2244(d)(1)(B) – because there was a state-created impediment to timely filing – or that he is entitled to equitable tolling.

To establish entitlement to statutory tolling under 28 U.S.C. § 2244(d)(1)(B), the petitioner must show that some state action, in violation of the Constitution or federal law, prevented him from filing a timely petition. *See Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). The petitioner has made no such showing in this case. Accordingly, there is no suggestion in the record that the petitioner is entitled to statutory tolling.

Nor is there any basis in the record for equitable tolling in this case. In this regard, the one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances." *See United States v. Patterson*, 211 F.3d 927, 928 (5th Cir. 2000). The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance has stood in his way. *Pace v. DeGuglielmo,* 544 U.S. 4008, 418 (2005). Ignorance of the law, lack

of knowledge of filing deadlines, a temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not generally sufficient to warrant equitable tolling. *Tate v. Parker*, 439 Fed. Appx. 375, 376 (5th Cir. 2011); *Felder v. Johnson*, 204 F.3d 168, 171-2 (5th Cir. 2000). Further, equitable tolling "is not intended for those who sleep on their rights." *Manning v. Epps,* 688 F.3d 177, 184 (5th Cir. 2012), *cert. denied,* ___ U.S. ___, 133 S.Ct. 1633 (2013). Thus, a federal habeas petitioner is required to act with diligence and alacrity both during the period allowed for the filing of state post-conviction review proceedings and also after the denial thereof by the state appellate courts. *See Ramos v. Director*, 2010 WL 774986, *4 (E.D. Tex. March 1, 2010). "The diligence required for equitable tolling purposes is reasonable diligence, ... not maximum feasible diligence," *Holland v. Florida*, 560 U.S. 631, 653 (2010) (internal quotation marks omitted), and equitable tolling decisions "must be made on a case-by-case basis." *Id.* at 649-50.

In the instant case, as noted above, the petitioner delayed approximately eight months after his conviction and sentence became final before he filed an application for post-conviction relief in the state district court in September, 2010. He then waited a full year and several days after the completion of post-conviction review proceedings before he filed his federal habeas corpus application in this Court. The petitioner's ignorance or mistake in calculating the filing deadlines, however, does not warrant the application of equitable tolling. Moreover, the petitioner has not shown that he has acted diligently in pursuing his post-conviction relief proceedings. *See, e.g., Pace v. DeGuglielmo*, *supra*, 544 U.S. at 419 (2005) (diligence not shown where the petitioner waited five months after the finality of post-conviction relief proceedings to file a federal petition); *Baker v. Cain*, 2008 WL 3243993, *3 (5th Cir. 2008) (diligence not shown where the petitioner "waited approximately four months to file a federal

petition after the Louisiana Supreme Court denied relief"); *Kelly v. Quarterman*, 260 Fed. Appx. 629 (5th Cir. 2007) (same, with four-month delay); *Melancon v Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) (same, with four-month delay). Accordingly, the petitioner has failed to show such diligent conduct as would warrant equitable tolling in connection with his habeas corpus application.

Finally, in certain rare instances, a petitioner may seek to avoid the effect of untimeliness by establishing that he is in fact innocent of the charged offense. Specifically, in *McQuiggin v. Perkins*, ___ U.S. ___, 133 S.Ct. 1924 (2013), the United States Supreme Court concluded that actual innocence, if proven, may serve as a gateway through which a petitioner may pass to avoid a procedural impediment such as the statute of limitations. The Court cautioned, however, that viable actual-innocence gateway claims are rare, explaining that "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of ... new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 1928, *citing Schlup v. Delo*, 513 U.S. 298, 329 (1995) (internal quotation marks omitted). To be credible, a claim of actual innocence requires that a petitioner support his allegations of constitutional error with new reliable evidence, whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence, that was not presented at trial. *Schlup v. Delo, supra*, 513 U.S. at 324. In the instant case, the petitioner has presented no new sufficient evidence to support a claim of actual innocence, and he has therefore failed to set forth a viable claim of actual innocence sufficient to avoid the operation of the limitations bar. Accordingly, the petitioner's application should be dismissed as untimely.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. §

2253(c)(1)(A). Although the petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (emphasis in original). In the instant case, the Court finds that reasonable jurists would not debate the denial of the petitioner's § 2254 application or the correctness of the procedural ruling. Accordingly, it is appropriate that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

## RECOMMENDATION

It is recommended that the petitioner's application for habeas corpus relief be denied, without prejudice, as untimely. It is further recommended that, in the event that the petitioner seeks to pursue an appeal, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on March 25, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**